UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| LARRY CLAPP, MARY JONES, DARYL MCCLEARY, and ROBIN MCGUIRE on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ACCORDIA LIFE AND ANNUITY COMPANY and ALLIANCE-ONE SERVICES, INC.,<br><br>Defendants. | Civil No. 2:17-cv-2097-CSB-EIL<br><br>Hon. Colin S. Bruce |

**FINAL ORDER AND JUDGMENT**

1.  This Judgment incorporates by reference the definitions in the Class Action Settlement Agreement ("Agreement"), and all capitalized terms[1] used herein shall have the same meanings as set forth in the Agreement unless set forth differently herein. The terms of the Agreement are fully incorporated in this Judgment as if set forth fully herein.

---

[1] The following capitalized terms are defined as follows:
   **Covered Policies** means all New Business Policies and Converted Policies, excluding, however, any such Covered Policy that was returned and/or cancelled pursuant to any "free-look" provision.
   **New Business Policies** means any life insurance policies that, as of May 1, 2014 and up to the date of this Order, were issued by Accordia and subsequently administered by Alliance-One.
   **Converted Policies** means any life insurance policies that were or are insured, managed or reinsured by Accordia, its parent, or any affiliated companies and were converted or scheduled to be converted to Alliance-One's administrative systems on or around either August 1, 2015 ("Wave 1 Converted Policies") or January 1, 2016 ("Wave 2 Converted Policies") to be administered by Alliance-One. This does not include policies administered or reinsured by Accordia or its affiliates, but issued by a company other than Accordia, Athene Annuity and Life Company, or either of their affiliates, subsidiaries, predecessors or assigns.
   **Settlement Class Period** means
      a. for New Business Policies, May 1, 2014 up to and including the date of this Order;
      b. for Wave 1 Converted Policies, August 1, 2015 up to and including the date of this Order;
      c. for Wave 2 Converted Policies, January 1, 2016 up to and including the date the date of this Order.

2. The Court has jurisdiction over the subject matter of this action and all Parties to the Action, including all Settlement Class Members who have not timely excluded themselves from the Class.

3. Pursuant to Federal Rule of Civil Procedure 23(e), the Court confirms the certification, for settlement purposes, of the following class:

All persons who have or had an ownership interest in a Covered Policy or Policies, or any executors or representatives of a deceased Settlement Class Member's estate, during the Settlement Class Period. Excluded from the Settlement Class are: (i) individuals or entities who have or had an ownership interest in a policy administered or reinsured by Accordia or its affiliates, but issued by a company other than Accordia, Athene Annuity and Life Company, or either of their affiliates, subsidiaries, predecessors or assigns; (ii) individuals who are or were during the Settlement Class Period officers, directors or employees of Defendants or any of their respective affiliates and the immediate family of any such officers, directors, or employees; (iii) any justice, judge, or magistrate judge presiding over the Action and the staff and immediate family of any such justice, judge or magistrate judge; (iv); the Third Party Neutral and members of his or her respective immediate families; (v) the Settlement Administrator's personnel and members of any of its personnel's immediate families; and (vi) all individuals who file a timely and proper request to be excluded from the Settlement Class (as listed on Exhibit 1 to this Order)[2] or have otherwise released any and all Claims relating to the Covered Policies via a separate settlement agreement.

---

[2] Inclusion of a person or entity on Exhibit 1 does not indicate the person or entity was actually a member of the Settlement Class, only that the person or entity submitted a valid and timely request for exclusion from the Settlement Class.

4. Pursuant to Federal Rule of Civil Procedure 23(c)(3), all such persons or entities who satisfy the Class definition above are Settlement Class Members bound by this Judgment.

5. Persons or entities who filed timely exclusion requests are not bound by this Judgment or the terms of the Agreement and may pursue their own individual remedies against Defendants. However, such excluded parties are not entitled to any rights or benefits provided to Settlement Class Members by the terms of the Agreement. The list of persons and entities excluded from the Class because they submitted timely and valid requests for exclusion is attached hereto as Exhibit "1."

6. The Court directed that Notice be given to Settlement Class Members, pursuant to the Notice Program proposed by the Parties in the Agreement and approved by the Court, by the following methods:

    a. sending a Class Notice Package containing the Class Notice and Claim Form by first-class mail (or comparable postal method for Settlement Class Members with an address outside of the United States of America and its territories), postage prepaid, to the last known address of each reasonably identifiable Settlement Class Member or, in the case of Covered Policies with multiple Policyowners, to the Designated Policyowner if one has been elected; otherwise to all identifiable co-Policyowners listed in Defendants' Policyowner administrative systems, and, in cases of pending litigation against Defendants relating to the Released Claims, also to any legal counsel (other than Plaintiffs' Counsel) known by Defendants as of the Preliminary Approval Date;

    b. providing an Independent Producer Bulletin to Independent Producers and their corresponding Insurance Agency advising them of the proposed Settlement; and

    c. mailing to all Settlement Class Members' Independent Producers for

which Defendants have a valid mailing address a notice alerting the Independent Producers of the Settlement and directing them to a toll-free number for the Settlement Call Center and the Settlement Website to learn more about the Settlement terms, including the Claim Review Process.

7. The Declaration of Jason M. Stinehart Regarding Notice and Claims Administration, attesting to the dissemination of the Notice to the Class, demonstrates compliance with this Court's Order Granting Preliminary Approval. The Class Notice advised Settlement Class Members of the terms of the Settlement; the Final Approval Hearing and their right to appear at such hearing; their rights to remain in or opt out of the Class and to object to the Settlement; the procedures for exercising such rights; and the binding effect of this Judgment, whether favorable or unfavorable, to the Class.

8. For settlement purposes only, the Court finds:

(a) Pursuant to Federal Rule of Civil Procedure 23(a), Larry Clapp, Mary Jones, Daryl McCleary, and Robin McGuire (collectively, "Plaintiffs") are members of the Settlement Class, their claims are typical of the Settlement Class, and they fairly and adequately protected the interests of the Settlement Class throughout the proceedings in the Action. Accordingly, the Court hereby appoints Plaintiffs as Class Representatives;

(b) The Class meets all of the requirements of Federal Rules of Civil Procedure 23(a) and (b)(3) for certification of the Class claims alleged in the Amended Complaint filed by Plaintiffs, including: (a) numerosity; (b) commonality; (c) typicality; (d) adequacy of the Class Representative and Class Counsel; (e) predominance of common questions of fact and law among the Settlement Class for purposes of settlement; and (f) superiority; and

(c) Having considered the factors set forth in Rule 23(g) (1) of the Federal

Rules of Civil Procedure, Class Counsel have fairly and adequately represented the Settlement Class for purposes of entering into and implementing the Settlement. Accordingly, the Court hereby appoints Class Counsel as counsel to represent the Settlement Class Members.

9. The Parties and their counsel shall implement and consummate the Agreement according to its terms and provisions.

10. The Agreement is binding on and has preclusive effect in pending and future lawsuits, arbitrations, or other proceedings maintained by or on behalf of Plaintiffs, as well as their heirs, executors and administrators, successors, and assigns.

11. Pursuant to Federal Rule of Civil Procedure 23(e)(2), the Court finds, after a hearing and based upon all submissions of the Parties and other persons, as follows:

    a. The Agreement and the proposed Settlement are fair, reasonable, and adequate, and consistent and in compliance with the provisions of the United States Constitution and all other applicable law, as to, and in the best interests of, each of the Parties and the Settlement Class Members.

    b. The distribution of the Notice to the Settlement Class through the Class Notice Package and the Settlement Website and the notice methodology implemented pursuant to the Agreement: (1) constituted the best practicable notice; (2) constituted notice that was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action, their right to object to or exclude themselves from the proposed Settlement, and their right to appear at the Final Approval Hearing; (3) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (4) met all requirements of the United States Constitution and all other applicable law and procedural rules.

    c. The Class Representatives and Class Counsel have adequately represented

the Settlement Class for purposes of entering into and implementing the Settlement.

      d.      The terms and provisions of the Agreement are the product of arm's-length negotiations conducted in good faith and with the assistance of an experienced mediator, Professor Eric Green of Resolutions, LLC.

      e.      The relief provided by the Agreement is adequate given the costs, risks, and delay of trial and appeal, the effectiveness of any proposed method of distributing relief to the class, including the method of processing Settlement Class-Member claims; the terms of the proposed award of attorney's fees, and the agreements identified by the parties pursuant to Rule 23(e)(3).

      f.      The Agreement treats Settlement Class Members equitably relative to each other.

      g.      Approval of the Agreement will result in substantial savings of time, money and effort to the Court and the Parties, and will further the interests of justice.

12.      The Court has considered the objections of _ and finds these objections to be without merit. Thus, those objections are hereby overruled.

13.      Upon the Effective Date, the named Plaintiffs and each Settlement Class Member (other than those listed on Exhibit "1") shall be deemed to have, and by operation of this Final Settlement Order and Judgment shall have, released all Released Claims as defined in the Agreement.

14.      All Settlement Class Members who have not timely and validly submitted requests for exclusion are bound by this Judgment and by the terms of the Agreement.

15.      Plaintiffs in the Action initiated this lawsuit, acted to protect the Class, and assisted their counsel. Their efforts have produced the Agreement entered into in good faith that

provides a fair, reasonable, adequate and certain result for the Class.  Plaintiffs are each entitled to a service award of $5,000.  Class Counsel is awarded $2,200,000.00 for reasonable attorneys' fees, which sum includes reimbursement of reasonable and necessary expenses.

16. The Court approves Rust Consulting (the "Settlement Administrator") as Settlement Administrator in this matter.

17. The Court authorizes the Parties and Parties' Counsel to communicate with Settlement Class Members as contemplated in the Agreement.

18. The Settlement Administrator shall fully implement all remaining terms of the Agreement including, but not limited to, the timely payment of all valid claims submitted to the Settlement Administrator by Settlement Class Members.

19. The Court hereby dismisses with prejudice the claims in this Action, without fees or costs to any party except as provided in the Agreement, and enters final judgment on the Agreement.

20. All provisions of the Agreement, including the Release provision set forth in Section X of the Agreement, are hereby incorporated into this Order, and the Released Parties as defined in the Agreement are forever discharged from any and all claims and liabilities within the scope of that Release.

21. The Court enjoins (a) all Settlement Class Members from filing, commencing, prosecuting, maintaining, intervening in, participating in as class members or otherwise, or receiving any benefits from, any lawsuit (including putative class action lawsuits), arbitration, administrative or regulatory proceeding or order in any jurisdiction, based on or relating to the Released Claims or the claims or causes of action, or the facts and circumstances relating thereto, alleged in the Complaint or any other complaint filed in the Action, with the exception

of any claims, rights or entitlements provided to Covered Policies stemming or resulting from any state regulatory enforcement action, directive, mandate, remediation or settlement that occurred prior to the Effective Date;  and (2) all persons from organizing any Settlement Class Members into a separate class for purposes of pursuing as a putative class action any lawsuit, arbitration, or other legal proceeding or action (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to the Released Claims or the claims or causes of action, or the facts and circumstances relating thereto, alleged in the Complaint or any other complaint filed in the Action.

22. The Parties may, without further approval from the Court, agree to and adopt such amendments, modifications, and expansions of the Agreement and all exhibits attached thereto as (a) are consistent with this Final Order and Judgment, (b) are consistent with the Agreement, and (c) do not unreasonably limit the rights of Settlement Class Members under the Agreement.

23. Any appeal of this Final Order and Judgment must be preceded by (a) a timely objection to the Settlement filed in accordance with the requirements of the Agreement or a request to intervene upon a representation of inadequacy of counsel, (b) a request for a stay of implementation of the Settlement, and (c) posting of an appropriate bond.  Absent satisfaction of each of these three requirements, Defendants may, at their sole option and in their sole discretion, proceed with implementation of the Settlement, even if such implementation would moot the appeal.

24. Without affecting the finality of this Judgment, the Court shall retain jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the

Agreement and the Final Order and Judgment, and for any other necessary purpose; provided, however, that nothing in this paragraph shall restrict the ability of the Parties to exercise their rights under the Agreement that are not in conflict with the Final Order and Judgment.

25.  The Court finds that no reason exists for delay in ordering final judgment pursuant to Federal Rule of Civil Procedure 54(b), and the clerk is hereby directed to enter this Judgment forthwith.

26.  The Parties are hereby authorized, without needing further approval from the Court, to agree to and adopt such modifications and expansions of the Agreement, including, without limitation, the claim review procedure, that are consistent with this Judgment and do not limit the rights of Settlement Class Members under the Agreement.

IT IS SO ORDERED.  THERE BEING NO JUST REASON FOR DELAY, LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: __June 23__, 20_20_       s/Colin S. Bruce
                                 THE HONORABLE COLIN S. BRUCE
                                 UNITED STATES DISTRICT COURT
                                 JUDGE

# Exhibit 1 - (Persons Excluded from the Settlement Class)

| Name | State |
| --- | --- |
| ALBAN J BUTLER | WA |
| ALLARD D TOWNLEY | FL |
| ALYS WALL | AR |
| ALYSSA PONCE | NY |
| ANDREW FEITZINGER | AZ |
| ANTOINETTE NICASTRO | NY |
| ARTHUR J HEUER | WI |
| BARBARA SCHWALBACH | WI |
| BETTY J JOHNSON | SC |
| BEVERLY C HUNTER | NC |
| BEVERLY J FLANIGAN | IN |
| BONNIE BARRICK | VA |
| BRENDA WRIGHT | NC |
| BRIAN M GREENE | WA |
| BRIAN M GREENE | WA |
| BRIAN REDDISH | ID |
| BURKE BODILY | CA |
| C MUELLER | CO |
| CARITA DAVISON | CO |
| CAROL L GREENE | WA |
| CAROLINE E REXFORD | AZ |
| CAROLYN L BRANCA | WA |
| CAROLYN L HOXTON | IA |
| CHARLES DAVISON | CO |
| CHARLES E COLLINS | MN |
| CHARLES E HAWKES | AK |
| CHARLES G WRIGHT | TX |
| CHRISTINE C ELDER | VA |
| CHRISTINE M KEEBLER | TX |
| CHRISTOPHER G HEALD | WA |
| CLAIRE GOSS | MA |
| CLARENCE HOESLY | WI |
| CONNIE HUMMEL | IN |
| CORRINE WILKINSON | IA |
| DALE BABLE | MO |
| DANIEL C MORGAN | TN |
| DANIEL CONRAD | ID |
| DAVID COHEN | MO |
| DAVID F SIEGWALD | FL |
| DAVID PRESTON | IL |

# Exhibit 1 - (Persons Excluded from the Settlement Class)

| | |
|---|---|
| DEBORAH J ALTSCHWAGER | WI |
| DELORES STOLL | IA |
| DENISE M NUCKEL | NY |
| DIANA SMITH | IL |
| DON CABRAL | CA |
| DONALD E SPEAR | GA |
| DONALD FLANIGAN | IN |
| DOUGLAS HOLLAND | VA |
| DOUGLAS R OTTO | CO |
| EDWARD MIRANO | CA |
| ELIZABETH CHIN-QUEE | FL |
| ELLEN FRIEDMAN | CA |
| ENRIC ZAPPA | CA |
| ERIC THOMPSON | TX |
| ESTHER ASHBY | PA |
| ETHEL G MODESTINO | MA |
| EULA G PRICE | OH |
| FRED E JOHNSON | IN |
| GARY L LITTRELL | AR |
| GEORGE W BRITTON | CA |
| GER LO | MN |
| GILBERT M LEYVA | NV |
| GOLDA M COHEN | MO |
| GREGORY KRZYZAK | CO |
| HELEN WISSNER | MO |
| HENRY WHITE IRRV TST DATED 2/13/98 | NY |
| HERBERT BLAND | FL |
| HOWARD WOERNER | TX |
| INA JEFFERIES | WA |
| J VAUGHAN | KS |
| JACK A PRICE | OH |
| JAMES C RIEGER | MO |
| JAMES CALDWELL | OR |
| JAMES J ROSENBERRY | IN |
| JAMES TAYLOR | AL |
| JANE E PERKINS | CA |
| JANET M HARNACK | MN |
| JANET M HOOD | |
| JANICE M MILLER | ND |
| JASON HARPER | UT |
| JAY L BOWDLER | CA |

# Exhibit 1 - (Persons Excluded from the Settlement Class)

| | |
|---|---|
| JAY WOODWORTH | NJ |
| JENNIFER A VAUGHAN | KS |
| JENNIFER ROHRBACH | CA |
| JERRY L DANIELS | IN |
| JO ANNE D VILLANI | PA |
| JO COLLINS | IL |
| JOHN F CLIFT | PA |
| JOHN R WILLIAMS | OK |
| JOHN RUSSELL | IL |
| JOSEPH A CADENBACH | NY |
| JOSEPH M GUERRA | WA |
| JOYCE A ZIOLKOWSKI | WI |
| JOYCE M RUSSELL | IL |
| JUDITH B HENLE | NC |
| JUDSON GRIFFIN | AL |
| JUDY M HENDERSON | TN |
| JULENE BATEMAN | UT |
| JULIA L SAJAUSKAS | MD |
| KAREN K LESTER | TX |
| KAREN K WILHELM | OH |
| KARRIE DEUTSCH | WY |
| KATHERINE WOERNER | TX |
| KATHY A TOWNLEY | FL |
| KENNETH AARON BROWN | OR |
| KENT PETRUCCELLI | MS |
| LANA SUE TEAGUE | GA |
| LARRY HARRIS | FL |
| LARRY L TILLOTSON | NE |
| LAWRENCE R YORK | MO |
| LEO SCHAEFER | MT |
| LINDA S STRECK | IA |
| LISA HATT | MI |
| LOIS A MOORE | CO |
| LORI A NOZAKI | IL |
| MARCELLA BETTY HEALD | WA |
| MARGARET L SADOFF | PA |
| MARGARET M KINZER | MN |
| MARIA CALLEGARI | NY |
| MARILYN LA FORGE | MI |
| MARJORIE A NIERESCHER | OH |
| MARJORIE L WING | FL |

# Exhibit 1 - (Persons Excluded from the Settlement Class)

| | |
|---|---|
| MARK G VEGNERS | GA |
| MARY L KOHANEK | MN |
| MARY MORRIS | MD |
| MARY PAGE | IA |
| MATTHEW G CROWLEY | MO |
| MATTIE E RIGGLE | IN |
| MEE VANG | MN |
| MELISSA MOORE | NY |
| MERVYN GRIFFIN | KS |
| MICHELE REDDISH | ID |
| MOSHE GOLDSMAN | CA |
| NANCY BAGNATO | CA |
| NICHOLAS A PFLANZ | NE |
| NICHOLAS J WIRTH | OH |
| NINA BABLE | MO |
| ORVILLE L KERN | CO |
| PAMELA J DOUGLAS | OH |
| PAMELA J SZUBA | KS |
| PAMELA K BALDUS | WI |
| PATRICIA A DUSEK | IL |
| PATRICIA A RIEK | WI |
| PATRICIA ANN INGRAO | MI |
| PATRICIA D PRIEMER | MI |
| PATRICIA EDWARDS WIRTH | OH |
| PATRICIA HEYWOOD | RI |
| PATRICIA JOHNSON | MI |
| PATRICIA M DONNELLY | IA |
| PATRICIA SMITH | OK |
| PAUL J DOSTART | CA |
| PAUL M DOELLING | MO |
| PAUL T MODESTINO | MA |
| PETER R SCANLON | CO |
| PHILIP D BERETTA | MO |
| PHYLLIS CRONIN | NY |
| PREMBISHUAL DHANBEER | NY |
| PRISCILLA J SWEET | NY |
| QUINN K ANDERSON | NY |
| RALPH NOZAKI | IL |
| RANDI SWINDLER | CO |
| RAY FAMILY IRREVOCABLE TRUST DATED 03/22/2018 | NC |
| REBECCA A OLIVER | UT |

# Exhibit 1 - (Persons Excluded from the Settlement Class)

| Name | State |
|---|---|
| ROBERT A ANDREAE | VA |
| ROBERT C SWINDLER | CO |
| ROBERT CALLEGARI | NY |
| ROBERT CRONIN | NY |
| ROBERT LATTA | OK |
| ROBERT V BONEVITCH | PA |
| ROBERT V CURTIS | AR |
| ROBERT VIERA | MA |
| ROBIN J BRAATZ | MT |
| ROGER WOODE | FL |
| RONALD HARNACK | MN |
| ROSA L WIDD | MI |
| ROSE BAIRD | OR |
| ROSE GARRISON | NC |
| ROSE MARIE MCDOUGALL | NY |
| RUSSELL BATEMAN | UT |
| RUTH LITTRELL | AR |
| SHARON K STITCH | CO |
| SHEILA R SCHOOLCRAFT | ME |
| SHELDON OLIVER | UT |
| SHERRI LEPPEK | MI |
| SHIRL HARTSON | IA |
| SHIRLEY M CARTWRIGHT | VA |
| SHLOMO ROSENBERG | NY |
| STEPHANIE LEBERER ZAPPA | CA |
| STEPHEN OMEARA | NE |
| STEVEN D GALLOWAY | WA |
| SUE SCHOETKER | NV |
| SUFFOLK TRANS SERVICE INC | NY |
| SUSAN J TOPP | MI |
| SUSAN MUSSOLINE | FL |
| SYLVIA N MC INNIS | IL |
| TERRI W SPEAR | GA |
| THOMAS F MELILLO | FL |
| TIMOTHY M SAVAGE | VA |
| TIMOTHY P LEPPEK | MI |
| TIMOTHY ZIOLKOWSKI | WI |
| TR J MICHAEL VAUGHAN IIR DTD 12/11/2012 | KS |
| TR-L R & H A JISA IRREV FAM TRST DTD 07/24/2000 | NE |
| TR-SUSAN L DIERKSEN LIVING TRUST | FL |
| VALORI OMEARA | NE |

# Exhibit 1 - (Persons Excluded from the Settlement Class)

| | |
|---|---|
| WAYNE A HARRISON | OH |
| WILLIAM BLEASDALE | MA |
| WILLIAM C DEUTSCH | WY |
| WILLIAM H WOLDER | OH |
| WILLIS E WALTON | LA |
| YOLANDA GAETA | CA |

6